**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2892
_____

UNITED STATES OF AMERICA

v.

ROGER SEDLAK,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-09-cr-00079-001)
District Judge: Hon. William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2012

BEFORE: SCIRICA, GREENAWAY, JR., and COWEN, Circuit Judges

(Filed: June 25, 2013)

_____

OPINION
_____

COWEN, Circuit Judge.

Roger Sedlak appeals from the criminal judgment entered by the United States District Court for the Middle District of Pennsylvania. We will affirm without prejudice to Sedlak's right to raise an ineffective assistance of counsel claim in a properly filed motion under 28 U.S.C. § 2255.

I.

Pursuant to a plea agreement with the government, Sedlak pled guilty to the following four counts in a superseding indictment: (1) conspiracy to commit the offenses of interstate transportation with intent to engage in prostitution, and persuading, inducing, coercing, and enticing interstate travel for the purpose of prostitution in violation of 18 U.S.C. §§ 371, 2421, and 2422 (Count 1); (2) knowingly persuading, inducing, enticing, and coercing an individual to travel in interstate commerce to engage in prostitution in violation of § 2422 (Count 3); (3) aggravated identity theft during and in relation to the commission of wire fraud in violation of 18 U.S.C. § 1028A(a)(1) (Count 5); and (4) money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count 18). The District Court sentenced Sedlak to serve a total of 145 months of imprisonment (60 months on Count 1, 121 months on Count 3, 121 months on Count 18, and a consecutive 24-month sentence for Count 5), followed by 10 years of supervised release. He also was ordered to pay a $400 special assessment as well as a $5000 fine. Sedlak's appointed counsel filed a notice of appeal on his client's behalf.

Subsequently, this attorney filed an appellate brief on November 1, 2011. After the government filed its appellate brief on February 16, 2012, he filed a reply brief on

Sedlak's behalf on March 13, 2012. This appeal was then calendared for June 8, 2012. Meanwhile, the Clerk, in a March 21, 2012 order, indicated that no action would be taken on Sedlak's pro se motions for an injunction and a stay of the appeal because parties represented by counsel may not file a motion or other documents pro se, and the motions accordingly were forwarded to counsel. This Court likewise denied Sedlak's pro se motion for appointment of new counsel on May 17, 2012. However, the attorney filed his own motion to cancel oral argument and withdraw as counsel, and Sedlak, himself, moved to stay the appeal and to proceed pro se. On June 13, 2012, we granted the attorney's motion as well as Sedlak's motion to stay the appeal pending further briefing. Sedlak's motion to proceed pro se was granted (and he was also given the option of retaining counsel), he was ordered to file his brief within 90 days from the date of the Court's order, and the government's answering brief was then due within 30 days from the receipt of Sedlak's brief.

This additional round of briefing was not completed within the time period originally contemplated by this Court. Sedlak instead moved on three separate occasions for more time to file and serve his pro se brief. We granted him more time, extending Sedlak's filing deadline to November 13, 2012, December 17, 2012, and, finally, February 4, 2013. Sedlak eventually submitted his pro se appellate brief in two parts (which were filed on January 3, 2013 and January 22, 2013). We ordered the government to file its answering brief on or before March 11, 2013. It did so, and Sedlak did not file (or ask for an extension of time to file) any pro se reply brief. We further note that Sedlak

3

himself has filed a number of other unsuccessful motions over the course of this complicated appellate proceeding, requesting various kinds of relief (e.g., bail pending appeal, appointment of counsel, and expedited briefing on the part of the government).

## II.

Sedlak's former counsel raises seven issues in the initial round of appellate briefing, with all but one of these issues implicating the District Court's sentencing determination.[1] Sedlak then incorporates (and often expands on) these contentions in his own pro se appellate brief.

The attorney claims that federal prostitution crimes interfere with the powers reserved to the states under the Tenth Amendment, noting that Sedlak has standing to argue this Tenth Amendment theory under the Supreme Court's opinion in Bond v. United States, 131 S. Ct. 2355 (2011). However, both § 2421 and § 2422 contain an interstate commerce element. In addition, it is well established that Congress's power over interstate commerce "'is complete in itself'" and cannot be diminished by the

---

[1] The District Court had jurisdiction over this criminal proceeding pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

In reviewing a criminal sentence, this Court must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed." Id. We exercise plenary review over the district court's interpretation of the Sentencing Guidelines, and its findings of fact are reviewed for clear error. See, e.g., United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

4

exercise or non-exercise of the states' police powers.  <u>United States v. Darby</u>, 312 U.S. 100, 114 (1941) (quoting <u>Gibbons v. Ogden</u>, 22 U.S. 1, 196 (1824)).

We likewise reject the former counsel's challenge to the District Court's sentencing determination.  With respect to the "grouping" calculation, the government observes that "Sedlak's Guideline calculation involved starting with the most serious offense—the money laundering offense—moving to the sex trafficking Guideline to determine the base offense level, and then returning to the money laundering Guideline to finish the calculation." (Appellee's 2/16/12 Brief at 18-19.)  Because Sedlak had at least 17 prostitutes working for him, the District Court appropriately added a 5-level increase to the offense level pursuant to this approach.  With respect to the criminal history calculation, the District Court's finding that Sedlak's offense began before January 7, 2007 was supported by evidence in the record.  For example, this evidence indicated that he began compiling Internet prostitution advertisements in November 2006 and created a draft employment form for his scheme no later than January 3, 2007.  It also was appropriate for the District Court to apply a 4-level increase for Sedlak's leadership role under U.S.S.G. § 3B1.1 (e.g., the criminal activity he led and organized was extensive in nature) and, in contrast, to deny a 2-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility (e.g., Sedlak moved to withdraw his guilty plea, but, at the subsequent hearing scheduled on his motion, he "chose not to attempt to withdraw his plea and to continue with his plea of guilty" (Appellant Counsel's 11/1/11 Brief at 15 n.3)).  The District Court did not commit any reversible error by requiring him to comply

with the requirements of the sex offender registration agency in any state where he resides or works because whether or not he actually has to register as a sex offender is a matter of state law. Finally, we believe that Sedlak's ultimate sentence was substantively reasonable because, among other things, Sedlak (unlike his wife, Marianna Sedlak, and Kelli Kaylor, one of the individuals who worked for him) was the mastermind behind the criminal scheme and, as the District Court aptly noted, "the defendant in this case is a fraud" whose "whole life appears to have been fraudulently lived." (A204.)

Sedlak raises a large number of other issues in his 113-page pro se appellate brief. In fact, his table of contents identifies 22 separate issues. After having fully considered Sedlak's pro se brief, the record in this case, and the governing legal principles, we agree with the government that, apart from any issues premised on allegations of ineffective assistance of counsel, all of these issues must be rejected as meritless. With respect to any ineffectiveness claims, the government notes that such allegations are more properly raised in a collateral proceeding. See, e.g., United States v. Sandini, 888 F.2d 300, 311-12 (3d Cir. 1989).

### III.

For the foregoing reasons, we will affirm the judgment entered by the District Court without prejudice to Sedlak's right to raise an ineffective assistance of counsel claim in a properly filed § 2255 motion.